IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| JOHN R. HERSHBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 14-2153 |
| | ) |
| TOWN OF COLLIERVILLE; THE | ) |
| COLLIERVILLE POLICE | ) |
| DEPARTMENT, THE COLLIERVILLE | ) |
| CHIEF OF POLICE, LARRY | ) |
| GOODWIN, in his official and | ) |
| individual capacities, JOHN | ) |
| DOE SUPERVISORY OFFICERS A and | ) |
| B, in their official and | ) |
| individual capacities, and | ) |
| JOHN DOE POLICE | ) |
| OFFICERS/JAILERS 1-3, in their | ) |
| official and individual | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

---

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

On November 8, 2013, Plaintiff John R. Hershberger ("Hershberger"), an attorney proceeding pro se, filed a Complaint against Defendants, Town of Collierville ("Collierville"), Collierville Police Department, Collierville Chief of Police Larry Goodwin ("Chief Goodwin"), John Doe Supervisory Officers A and B, and John Doe Police Officers/Jailers 1-3, alleging violations of 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to

the United States Constitution, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., the Tennessee Human Rights Act, Tenn. Code. Ann. §§ 4-21-101, et seq., and the Tennessee Disability Act, Tenn. Code. Ann. § 8-50-103. (Compl., ECF No. 1-1.) The Complaint was originally filed in the Circuit Court of Shelby County, Tennessee, and the case was removed to this Court on March 4, 2014. (Notice of Removal, ECF No. 1.) By standing order, the case was referred to the United States Magistrate Judge for management and pretrial matters. (Admin. Order 2013-05, Apr. 29, 2013.) On June 25, 2014, Defendants Collierville, Collierville Police Department, and Chief Goodwin (collectively, "Defendants") moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss, ECF No. 10.) Hershberger did not respond to the motion.

Before the Court is the Magistrate Judge's August 13, 2014 Report and Recommendation (the "Report") recommending "that the defendants' motion to dismiss be granted as to Hershberger's claims arising under federal law and that Hershberger's state law claims be remanded to state court." (Rep., ECF No. 12.) On August 27, 2014, counsel entered a notice of appearance on behalf of Hershberger. (Notice of Appearance, ECF No. 14.) On September 8, 2014, Hershberger objected to the Magistrate Judge's Report and Recommendation. (Objection, ECF No. 17.)

For the following reasons, the Magistrate Judge's Report is ADOPTED, Hershberger's federal claims are DISMISSED, and the case is REMANDED to the Circuit Court of Shelby County, Tennessee.

## I. Background

According to the Complaint, during a routine traffic stop on Highway 385 East, John Doe Police Officer 1 issued Hershberger a misdemeanor citation in lieu of arrest for driving on a suspended license. Hershberger alleges that he attempted to show the officer documentation establishing that Hershberger had paid the ticket for which his license had been suspended, but the officer refused to review the document and issued the citation instead. (Compl., ¶¶ 7-8.) Hershberger's court date was November 8, 2012. (Id. ¶ 11.)

On November 4, 2012, Hershberger sustained severe lacerations to his left hand in a chainsaw accident. (Id. ¶ 9.) He underwent surgery, was administered antibiotics and pain medication, was given strict guidelines about the dressing and care of his wounds, and was advised to follow up with an orthopedic surgeon. (Id. ¶¶ 9-10.)

On the morning of his court appearance, November 8, 2012, Hershberger was "somewhat sedated from pain medication" and had failed to take his ADHD medication because of possible negative drug interactions. (Id. ¶ 11.) He arrived at the courthouse at

approximately 8:50 A.M. and was informed at 9:00 A.M. by a clerical employee that court had adjourned. (Id. ¶¶ 13-15.) Hershberger, an attorney, asked to speak with the judge. The clerk denied his request. The clerk then found a bench warrant for Hershberger's arrest. (Id. ¶¶ 15-16.) After a second clerk took the bench warrant to the judge to be signed, two officers arrived at the clerk's office and arrested Hershberger, placing handcuffs on his injured hand over Hershberger's objections that his hand could not sustain pressure. (Id. ¶¶ 17-19.)

After Hershberger had been processed and confined in the Collierville Jail, he was permitted to make phone calls on his personal cellphone. When John Doe Police Officer 2 discovered Hershberger had called Judge Craig Hall ("Judge Hall"), the municipal judge, Officer 2 took Hershberger's phone before Hershberger was able to complete the call. (Id. ¶¶ 20-21.) Hershberger explained that he had an orthopedic surgery appointment that afternoon and needed a dressing change and medication for his hand. John Doe Police Officer 2 said that, if and when Judge Hall called, Officer 2 would inform Hershberger. Hershberger alleges that Judge Hall called 30 minutes later, but due to a shift change, Officer 2 was no longer on duty. (Id. ¶¶ 22-24.)

John Doe Police Officers 3 and 4 were on duty after the shift change and did not appear to know of Hershberger's

conversations with Officer 2.  Hershberger alleges Officers 3
and 4 did not respond to his questions or concerns about his
injured hand, made misleading and mocking comments to him, and
informed him that he would be able to make a phone call after
the shift change.  (Id. ¶¶ 24-25.)  The officers told
Hershberger that he would be released when someone posted bond
for him, and Hershberger responded that no one could post bond
if he were not given an opportunity to make a phone call.  (Id.
¶ 26.)  Officers 3 and 4 allegedly continued to mock Hershberger
and give aggravating responses.  They closed the door between
the office area and his cell.  (Id. ¶¶ 27-28.)

Hershberger, concerned about his hand and seeking not to be
ignored, began kicking at the base of the jail cell bars.  An
officer came out and told him to stop, and Hershberger again
requested a phone call.  (Id. ¶¶ 30-33.)  The officer denied his
request, and Hershberger began kicking the bars again.  Both
officers returned and said they were tired of his behavior.
Hershberger asked to speak to the shift commanding officer.
John Doe Police Officers 3 and 4 then placed handcuffs and
shackles on Hershberger and returned him to his cell.  (Id. ¶¶
34-36.)

Hershberger, who could no longer kick the cell door
effectively, began to beat the side of the metal toilet.  The
officers returned, opened the cell door, and sprayed Hershberger

5

in the face with pepper spray. Hershberger ran into the cell to take cover, and John Doe Police Officers 3 and 4 pursued him, spraying him with pepper spray as he lay on the ground. (Id. ¶¶ 37-39.) A short time later, Hershberger was removed from the jail cell, his right eye swollen and his face, head, neck, and shirt covered in pepper spray. He was taken before the judge but did not have any of the supporting documentation to show that he had paid the ticket. He alleges he was not permitted to speak to the judge. (Id. ¶¶ 43-45.)

Hershberger was transported to the Shelby County Jail, where he was permitted to use the telephone to call his wife. His lawyer posted bond within an hour and a half, Hershberger was transferred back to the Collierville Jail, and he was released at 1:00 A.M. on November 9, 2012. (Id. ¶¶ 48-51.)

## II. Jurisdiction

Hershberger alleges violations of 42 U.S.C. § 1983, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution, and the ADA. (Compl.) The Court has federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Hershberger's state law claims under 28 U.S.C. § 1367 because they derive from a "common nucleus of operative fact." See 28 U.S.C. § 1367; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

## III. Standard of Review

### A. Pro Se Litigant Standard Not Applicable

"Pro se [pleadings] are [generally] to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)(internal quotation marks omitted). Where a pro se plaintiff is a licensed attorney, however, the pleadings are "not entitled to be considered on a more relaxed standard." Morrison v. Tomano, 755 F.2d 515, 517 (6th Cir. 1985); see also Harbulak v. Suffolk Cnty., 654 F.2d 194, 198 (2d Cir. 1981) (holding that, when a pro se plaintiff is a lawyer, he "cannot claim the special consideration which the courts customarily grant to pro se parties").

### B. Standard for Review of Magistrate Judge's Report

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the

evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no proper objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

## C. Standard for Motion to Dismiss

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. To survive a motion to dismiss, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible

on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." <u>Id.</u> at 1950.

## IV. Analysis

## A. Waiver of Objections

The Magistrate Judge found that Hershberger's claims arising under federal law should be dismissed for failure to state a claim on which relief may be granted. (Report, ECF No. 12.) Hershberger, having failed to respond to Defendants' motion, now objects to portions of the Magistrate Judge's Report. (Objection, ECF No. 17.) Defendants argue that "a party's failure to respond to a motion should be treated as [a waiver of] his objections." (Resp., at 4-5.)

"[F]ailing to respond to a motion referred to a magistrate judge and then opposing the motion in an objection to a report and recommendation issued by the magistrate judge circumvents the entire referral process." <u>Estate of Hickman v. Moore</u>, 3:09-

9

CV-69, 2011 WL 1058934 (E.D. Tenn. Mar. 21, 2011). Allowing a
party to ignore a motion and then, after reading the magistrate
judge's report, oppose the motion through objection is
irreconcilable with § 636's goal of judicial economy. See
Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th
Cir. 1991) (holding that the requirements of the Magistrates Act
are supported by sound considerations of judicial economy). The
Sixth Circuit Court of Appeals has not addressed the failure to
respond, but district courts within the Sixth Circuit have held
that a party who fails to respond to a motion waives any
objections he may have to the magistrate judge's subsequent
recommendation. See Moore, 2011 WL 1058934 (holding that the
defendants' failure to respond to the plaintiff's motion
foreclosed the defendants' ability to object to the report and
recommendation); Watson v. Rentenbach Eng'g Co., 3:09-CV-150,
2013 WL 1292674 (E.D. Tenn. Mar. 28, 2013) ("[P]laintiff did not
file a timely response to the motion prior to issuance of the R
& R. Plaintiff therefore 'waived any objections to the motion,
and, thus, the recommendation.'" (quoting MW Mapleleaf Partners,
LLC v. Fifth Third Bank, Inc., No. 5:09-380-KKC, 2010 WL
5463299, at *1 (E.D.Ky. Dec. 22, 2010))).

Against these strong policy concerns, the language of § 636
mandates that the Court "make a de novo determination of those
portions of the report . . . to which objection is made."

Motions to dismiss are treated differently than other motions. Local Rule 7.2 provides that "[f]ailure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." LR 7.2(a)(2). Local Rule 12.1, governing motions to dismiss, contains no similar language. Because the underlying motion is a motion to dismiss, the Court will review de novo all of the Magistrate Judge's findings to which Hershberger specifically objects.

**B.  Hershberger's Claims against John Doe Defendants**

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations. Wallace v. Kato, 549 U.S. 384, 388 (2007). In Tennessee, a federal civil rights action brought under § 1983 must be filed within one year from the time the cause of action accrued. Tenn. Code Ann. § 28-3-104(a)(3). The Magistrate Judge found that, "[e]ven if Hershberger now substitute[s] named defendants for these John Doe defendants, his claims against them are time-barred because the change in parties cannot relate back to the November 8, 2013 filing date." (Rep., at 10-11.) Hershberger objects. (Objection, at 7-12.)

Rule 15 of the Federal Rules of Civil Procedure governs whether amended pleadings relate back to the date of the original pleading:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

   (A) the law that provides the applicable statute of limitations allows relation back;

   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

   (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed R. Civ. P. 15(c). The period provided by Rule 4(m) is 120 days. Fed R. Civ. P. 4(m).

Hershberger argues that Defendants' Answer shows "that the unnamed John Does were interviewed in detail in preparation of the Answer and were well aware of the lawsuit." (Objection, at 10.) Hershberger also cites Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986), which states that, "where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice." Id. at 882. (See

Objection, at 10-11.)  Hershberger argues that, like the Doe defendants in Berndt, the John Doe defendants here are officials of the original defendant, Collierville.  (Id. at 11.) Hershberger argues that the John Doe defendants had actual or constructive notice within 120 days of the filing of the Complaint, and if he amends the Complaint to properly name the defendants, the amendment should relate back to the date of the filing of the original Complaint.

Hershberger's arguments are not well taken.  Even if the John Doe defendants had actual or constructive notice, the amendment cannot relate back to the date of the original Complaint.  An amended complaint that changes defendants[1] relates back to the date of the original Complaint only if the newly-named defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]."  Fed R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).  The Sixth Circuit has held that "this requirement is not satisfied where the caption of an original complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers."  Force v. City of Memphis, 101 F.3d 702, *3 (6th Cir. 1996) (citing Cox,

---

[1] "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."  Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996).

75 F.3d at 240). Hershberger's lack of knowledge of the names of the officers is not a mistake within the meaning of Rule 15, and an amendment that changes defendants cannot relate back to the date of the original Complaint. See Force, 101 F.3d at *4.

**C.    Hershberger's § 1983 Claims against Collierville**

The Magistrate Judge found that Hershberger's allegations fall short of stating claims under § 1983 against Collierville because they lack the factual support of a policy or custom causing constitutional violations. (Rep., at 13-15.) Hershberger objects to the dismissal of his § 1983 claims against Collierville, arguing that the facts alleged in the Complaint support a "failure-to-train theory" under the Fourteenth Amendment. (Objection, at 13.) Defendants argue that "the facts Hershberger cites relate to the conduct of the Doe defendants," not Collierville. (Resp., at 10.)

The Supreme Court has held that a local government may not be held vicariously liable under § 1983 for injuries inflicted by its employees or agents. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). A local government is only liable under § 1983 when a "policy or custom . . . inflicts the injury." Id.

> Accordingly, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under the color of state law, and (3)

14

that a municipality's policy or custom caused that
violation to happen.

Bright v. Gallia County, Ohio, 753 F.3d 639, 660 (6th Cir.
2014)(citing Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir.
2008)).

Pretrial detainees have a Fourteenth Amendment right to
"adequate medical treatment that is analogous to the Eighth
Amendment rights of prisoners." Watkins v. City of Battle
Creek, 273 F.3d 682, 686 (6th Cir. 2001) (citing City of Revere
v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)); Ford v. County
of Grand Traverse, 535 F.3d 483, 495 (6th Cir. 2008) ("The
Eighth Amendment, by its terms, applies only to post-conviction
inmates. Pretrial detainees, however, are guaranteed the
equivalent right to adequate medical treatment by the Due
Process Clause of the Fourteenth Amendment."). See also Graham
v. M.S. Connor et al., 490 U.S. 1865, 1870 n.6 (1989)
(explaining that Eight Amendment protection does not attach
until after conviction and sentence). A claim alleging
inadequate care must meet two requirements. Farmer v. Brennan,
511 U.S. 825, 834 (1994). "First, the deprivation alleged must
be, objectively, 'sufficiently serious.'" Id. (citing Wilson v.
Seiter, 501 U.S. 294, 299 (1991) (stating that the wanton supply
of insufficient medical needs may violate a prisoner's
constitutional rights) (dicta). The second requirement is that
care providers act with "deliberate indifference" to those

medical needs.  See id.  See also Jackson v. Wilkins, 517 Fed.
App'x 311, 317 (2013) (holding that "deliberate indifference to
serious medical needs" is a violation of a detainee's Fourteenth
Amendment rights).

To allege deliberate indifference adequately, a plaintiff
must state facts that show "defendants knew of and disregarded a
substantial risk of serious harm to [the pretrial detainee's]
health and safety."  Estate of Owensby v. City of Cincinnati,
414 F.3d 596, 603 (6th Cir. 2005) (citation omitted).

To hold a local government liable, a plaintiff must plead
that the constitutional violation resulted from a policy or
custom by identifying:

> (1) The municipality's legislative enactments or
> official agency policies; (2) actions taken by
> officials with final decision-making authority; (3) a
> policy of inadequate training or supervision; or (4) a
> custom of tolerance or acquiescence to federal rights
> violations.

Spears v. Ruth, 589 F.3d 249, 256 (6th Cir. 2009).  A conclusory
allegation that a city employed an unlawful policy or custom,
without identifying the policy or stating a pattern of
conformance to that custom, is not sufficient.  See Iqbal, 129
S. Ct. 1937, 1949 (2009); Huffer v. Bogen, 503 Fed. App'x 455,
462 (6th Cir. 2012) (dismissing a § 1983 claim against a county
defendant when the complaint "failed to identify any policy or
custom that resulted in a constitutional violation"); Broyles v.

16

*Correctional Medical Services, Inc.*, 2009 WL 3154241, at *2 (6th Cir. 2009) ("[B]are allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief."); accord *Rowland v. City of Memphis, et al.*, 2013 WL 2147457, at *5 (W.D. Tenn., May 15, 2013)("[T]he three allegations in the Amended Complaint that refer to 'policies and procedures' are conclusory.")

To plead a § 1983 claim based on a failure to train that is sufficient to withstand a Rule 12(b)(6) motion after *Iqbal* and *Twombly*, a plaintiff must plead more facts than those that would support the alleged underlying constitutional violation. *Madyun v. City of Memphis*, 238 F.3d 422 (6th Cir. 2000). To plead a policy or custom of insufficient training adequately, a plaintiff must state facts to support a finding of deliberate indifference—that the municipality knew yet ignored that its training was lacking. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). "Only where a failure to train reflects a deliberate or conscious choice by a municipality—a policy as defined by our prior cases—can a municipality be liable for such a failure under § 1983." *Harris*, 489 U.S. at 388-89.

Paragraph 57 of the Complaint, the only paragraph in which Hershberger specifically alleges the existence of a policy, is conclusory: "The Collierville Municipal Court and the Collierville Police Department maintain a policy and practice of

willful ignorance of circumstances within their knowledge or control without a good-faith justification for the policy and/or practice." (Compl., ¶ 57.) In his objection, Hershberger cites three additional paragraphs to support his failure-to-train claim. (Objection, at 15.) Paragraph 64 is no less conclusory than paragraph 57: "The failure of the Defendants to enforce the laws of the State of Tennessee and the United States regarding the use of excessive force and the cruel and unusual punishment of those individuals in custody amounts to gross negligence and/or deliberate indifference . . . ." (Compl., ¶ 64.) Paragraph 65 alleges that "Defendant Collierville Police Department . . . knowingly failed to enforce the laws of the State of Tennessee . . . ." (Id. ¶ 65.) That paragraph, also conclusory, alleges only a failure to enforce Tennessee laws. Paragraph 66 alleges that "Defendant Officers' deliberate misfeasance and malfeasance, indicates that the officers were not appropriately interviewed, hired, evaluated, and/or supervised." (Id. ¶ 66.) Like the other paragraphs Hershberger cites, paragraph 66 is conclusory and does not offer factual support for a failure-to-train custom or policy. (Id.)

Although Hershberger plausibly alleges that he was deprived of his rights under the Constitution, he does not state a claim that his injuries were caused by a policy or custom. Collierville is not vicariously liable for the deprivation of

Hershberger's rights. <u>Monell</u>, 436 U.S. at 694. Hershberger does not identify any enactment or specific Collierville policy or custom of tolerance or acquiescence to federal rights violations. <u>See</u> <u>Spears</u>, 589 F.3d at 256. His claim that Collierville policies led to his deprivation of rights is entirely conclusory because he alleges no facts to support it. <u>See</u> <u>Broyles</u>, 2009 WL 3154241 at *2. Although Hershberger alleges that Collierville failed to "appropriately interview[], hire[], evaluate[], and/or supervise[]" its employees, Hershberger offers no facts to show that Collierville knew yet ignored that its training was lacking. (Compl., at ¶ 66.) <u>See</u> <u>Harris</u>, 489 U.S. at 388-89. Hershberger cites no past incidents that authorities ignored. Without adequately pleading the existence of a policy or custom that caused the deprivation of his constitutional rights, Hershberger fails to state a § 1983 claim against Collierville for which relief can be granted.

**D.  Hershberger's § 1983 Claims against Chief Goodwin**

The Magistrate Judge found that "Hershberger's complaint contains no allegations of affirmative misconduct by Chief Goodwin . . . . Hershberger has not pleaded facts to support his bare allegation that Chief Goodwin knowingly acquiesced to the unconstitutional conduct to support a theory of supervisory liability." (Rep., at 12.) Hershberger objects. (Objection, at 17-18.) Citing <u>Ontha v. Rutherford Cnty., Tennessee</u>, 222 F.

App'x 498 (6th Cir. 2007), Hershberger argues that "[a] supervisory officer may be liable for the unconstitutional acts of his subordinates, even if it is undisputed that the officer had no direct personal involvement in the unconstitutional actions that caused the plaintiff's injuries." (Objection, at 17-18.)

Ontha does not support Hershberger's argument. Ontha, 222 F. App'x at 504 ("[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." (internal quotation marks omitted)). In Ontha, the court held that the plaintiff's § 1983 claims could not survive because the defendant supervisor was not personally involved in the unconstitutional actions. Id. at 505.

Because § 1983 liability cannot be based on respondeat superior, "proof of personal involvement is required for a supervisor to incur personal liability." Kosloski v. Dunlap, 347 F. App'x 177, 180 (6th Cir.2009) (quoting Miller v. Calhoun County, 408 F.3d 803, 817 n.3 (6th Cir.2005)). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Petty v. County of Franklin, Ohio, 478 F.3d 341, 349 (6th Cir.2007)

(quoting <u>Taylor v. Michigan Dep't of Corrs.</u>, 69 F.3d 76, 81 (6th Cir.1995)).  "A plaintiff must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.  Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct."  <u>Id.</u> at 486-87 (internal citations and quotation marks omitted).

Hershberger fails to allege any affirmative misconduct by Chief Goodwin.  In his Complaint, Hershberger concludes that Chief Goodwin "knowingly failed to enforce the laws of the State of Tennessee pertaining to the use of force and possibly deadly force . . . ."  (Compl. ¶ 65.)  A "mere failure to act" is not sufficient.  <u>Walters v. Stafford</u>, 317 F. App'x 479, 486 (6th Cir.2009) (quoting <u>Gregory v. City of Louisville</u>, 444 F.3d 725, 751 (6th Cir.2006)).  Hershberger does not allege that Chief Goodwin encouraged or otherwise participated in unconstitutional acts.  Nor does Hershberger allege facts to support the conclusion that Chief Goodwin knowingly acquiesced in unconstitutional acts of the officers.

**E.    Hershberger's First Amendment Claim**

The Magistrate Judge found that Hershberger fails to state a claim for interference with the right of access to the courts because Hershberger does not "allege any of the requisite elements of a right to access claim."  (Rep., at 16-17.)  In his

21

objection, Hershberger quotes Stockenauer v. DeLeeuw, 57 F.3d 1070 at *1 (6th Cir. 1995) (per curiam): "It is not necessary for Plaintiff to prove that he was prejudiced in his lawsuit for there to be a constitutional violation.  It is enough if the Plaintiff proves by a preponderance of the evidence that he was deprived of the ability to possess the legal materials." (Objection, at 18.)  Hershberger alleges that he was deprived of the ability to possess legal materials that could have exonerated him.  (Id.)  The Stockenauer quotation is the plaintiff's requested jury instruction, which the court rejected.  Stockenauer, 57 F.3d at *1.

To state a claim for interference with access to the courts, a plaintiff must allege that (1) he was prevented from filing a non-frivolous legal claim, (2) he suffered actual injury, and (3) his legal claim was lost or rejected or he is currently prevented from bringing the claim.  Clark v. Corr. Corp. of Am., 113 F. App'x 65, 68 (6th Cir. 2004).  Hershberger does not allege any of the required elements of a claim for interference with access to the courts.

## F.    Hershberger's False Arrest and False Imprisonment Claims

The Magistrate Judge found that Hershberger fails to state a claim for false arrest or false imprisonment because he does not "allege facts to challenge the validity of his arrest warrant."  (Rep., at 18.)  Hershberger objects.  (Objection, at

19.) He argues that he "alleged that he was detained by officers while the Court Clerk left to get Hershberger's arrest warrant signed and entered into the Court's electronic docket," and that such a detention is presumptively unreasonable. (Id.)

Hershberger's Complaint includes the following allegations about the warrant:

> 6. Pursuant to the warrant issued for the plaintiff's arrest on November 8th, 2012, Plaintiff, John R. Hershberger, was arrested on November 8th, 2012 and taken into the custody of the defendant Collierville Police Department.
>
> . . .
>
> 15. When the clerical employee indicated that the court was no longer in session, Plaintiff, an attorney, requested that the Plaintiff might speak to the Judge in order to reset the citation for the Court's afternoon docket. The clerk stated that criminal defendants were not allowed to speak to the Judge and then began typing information into a computer terminal.
>
> 16. After several minutes another clerical employee appeared at the window with a stack of paper, which the first clerical employee began looking through. The first clerical employee selected two papers from the stack and set them out, indicating to the second clerical employee that the bench warrant for Plaintiff's arrest was not signed or entered in the computer.
>
> 17. The second clerical employee took the two papers and returned momentarily as two police officers converged on either side of Plaintiff, held his arms behind his back, and put handcuffs on him to transport him to the jail. . . .

(Compl. ¶¶ 6, 15-17.) The Complaint does not allege that Hershberger was detained by the officers while the clerk left to

get the warrant signed. In paragraph 6, it alleges that Hershberger was arrested "pursuant to the warrant." (Id. ¶ 6.)

"An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." Voyticky v. Vill. Of Timberlake, Ohio, 412 F.3d 669, 677 (6th Cir. 2005). "Arrest warrants in the hands of a police officer, unless facially invalid, are presumed valid." Fettes v. Hendershot, 375 F. App'x 528, 532 (6th Cir. 2010). Because Hershberger alleges no facts to challenge the validity of the warrant pursuant to which he was arrested, the warrant is presumed valid. The warrant is a complete defense to Hershberger's false arrest and false imprisonment claims.

## G. Remand

In Gibbs, the Supreme Court stated, "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." 383 U.S. at 726. The Court has since clarified that this rule is not to be applied inflexibly in all cases. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 n. 7 (1988) "The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction

over the remaining state-law claims." Id. The Court also instructed district courts to consider whether the plaintiff has engaged in any manipulative tactics to achieve his desired forum. Id. at 357.

Hershberger has not engaged in manipulative tactics to achieve his desired forum. The Court has not made an extensive investment of judicial resources in this matter. Tennessee has a strong state interest in interpreting its statutes. The relevant factors—judicial economy, convenience, fairness, and comity—favor remand. The Court should not exercise supplemental jurisdiction over Hershberger's state law claims.

## V. Conclusion

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED, Hershberger's federal claims are DISMISSED, and the case is REMANDED to the Circuit Court of Shelby County, Tennessee.

So ordered this 2d day of December, 2014.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE